DAVIS v. SCHMIDT.

1. A reply without an order of court and alleging no counter-claim, may be improper, but a refusal by the Circuit judge to formally strike it out, is not error of law.
2. An issue raised by the lienor under a warrant to enforce an agricultural lien, and an action by such lienor against the lience for damages for not advancing supplies under the contract of lien, are two distinct actions and not founded upon the same cause of action.
3. Findings of fact by the Circuit judge in a law case, tried by him without a jury, cannot be reviewed on appeal.

Before ALDRICH, J., Richland, November, 1883.

This was an action by Calvin Davis against Margaret Schmidt. The Circuit judge rendered the following judgment:

The plaintiff, a negro farmer, on March 6, 1883, entered into an agricultural lien with the defendant, who was to furnish him advances for agricultural purposes to the amount of $200. He complaims that the defendant did not keep her part of the contract, whereby he was damaged in the sum of $250. The defendant, in her answer, admits the lien, denies that she refused to furnish supplies, and claims the benefit of a receipt for $150, and that the plaintiff is still indebted to her in a large sum of money, for which suit is now pending. The plaintiff replies to the answer and denies the same.

The facts and merits of the case will more fully appear in the testimony. The plaintiff's statement is that the defendant's husband, by her sanction and as her agent, offered to sell him a mare for $150, which he warranted as a good work animal, and was to advance him $50 worth of provisions, in instalments of ten dollars a month, and wait on him for payment until he made his crop; that on the assurance that the mare was a good work animal, he gave the receipt for $150, and got $8 worth of provisions, and took the mare home; that when he tried to plough her, he found she would not work, but did nothing but paw and kick up; that he carried her back, and the defendant's husband, still acting as her agent, took the mare back and offered him a poor mule, which plaintiff was unwilling to receive, but by persuasion he was

induced to try her, and found she was not able to do a half day's work; that he returned the mare, and Schmidt, still acting as his wife's agent, promised to get him a mule; that when he went for the mule, he was refused both the mule and further advances on the crop; that as it was getting late in the season, Mr. Maxcy, from whom he had rented 30 acres of land, said that if he could not get a work animal and advances he would have to take his land back; that after some efforts, he was able to get a mule from Harmon, about March 20; that by his 13 year old boy ploughing the mule, and his daughter ploughing him, the plaintiff was able to get in his cotton by May 25, but could only put in 25 of the 30 acres rented from Mr. Maxcy. He also states that in consequence of the refusal of the defendant to let him have provisions, he was forced to work out for wages to get supplies for his family and farm; that he would have made 12 bales of cotton if he had been able to get in his crop in time, but in consequence of the delay occasioned by defendant he did not make one-half as much as his neighbors.

Mr. Maxcy corroborates plaintiff's statement, and says he ought to have made 8 bales, if he could have got his crop in in time. That Schmidt acts as the agent of his wife, is so considered generally, and was present at the time her husband had the transactions with the plaintiff. Sheriff Rowan said that the husband of the defendant transacts all of her business, and is regarded by the community as her agent. Mrs. Schmidt, the defendant, was examined, but her statement was so unsatisfactory that it made no impression on the court at all favorable to her.

I am satisfied in my own mind, that while Mrs. Schmidt may be a very industrious and hard-working woman, she is simply held out to the community as a blind; her husband is the real actor, and does all the dirty work. My theory of the case is, that learning from Mr. Maxcy that the plaintiff is a hard-working, industrious man, and a good farmer, he tried to put off on him two worthless mares at an extortionate price. Failing in that, he refused to let him have supplies. The only question is, how much has the negro plaintiff been damaged by his conduct? Mr. Maxcy's lowest estimate is that he would have made 8 bales. He made 3. His loss, therefore, is at least 5 bales, which, at

$40 a bale, the lowest price paid, is $200, and it is so adjudged. Let the plaintiff, Calvin Davis, have judgment against the defendant for $200 and costs.

The defendant appealed upon the exceptions set forth in the opinion.

January 10, 1885. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The plaintiff, respondent, in March, 1883, gave an agricultural lien to the defendant, who was to furnish advances for agricultural purposes to the amount of $200. The plaintiff complains that defendant did not keep her part of the contract, having failed to furnish the advances agreed upon, to his damage $250. The defendant in her answer admits the lien, but denies that she refused to furnish the supplies, and claims that she holds a receipt for $150, advanced in money, and that there is due her a large sum by the plaintiff, for which she has instituted suit, now pending. To this answer the plaintiff filed a reply, in which he denied the advance of $150 in money, but admits that he gave a receipt for $150, alleging that this receipt was given for a mare valued at that sum, which mare defendant warranted to be suitable for the purposes for which she was bought; which proved to be untrue. He further admitted that there was a proceeding pending in the Court of Common Pleas, under the provisions of the agricultural lien law (his crop having been levied upon) under which he had raised the issue of the amount due.

At the trial the defendant moved to strike out the different paragraphs of this reply on various grounds. He also demurred to so much thereof as admitted the pending action on the "ground of insufficiency, because the defendant in her answer alleged that there was an action then pending between the same parties under this lien, which, being admitted by the plaintiff, shows that he had no right to bring this action ; and further, that the complaint does not state facts sufficient to constitute a cause of action, because the plaintiff in his reply admits his indebtedness to the defendant, and that he had previously applied to the court to determine the amount." The Circuit judge reserved his opinion

upon the motion and demurrer, and the trial proceeded before him on the merits. At the conclusion of the testimony, he decreed that plaintiff have judgment for $200 and costs.

The defendant has appealed upon ten exceptions: "1. Because his honor erred in not striking out paragraphs 1, 2, 3, and 4 of the reply. 2. Because he did. not dismiss the complaint when the plaintiff admitted in his reply that there was another action pending between the same parties for the same cause. 3. Because the plaintiff having admitted that he was indebted to the defendant and that action had been instituted by him to determine the amount under the agricultural lien, his honor should have dismissed the complaint. 4. Because his honor erred in not stating his conclusions of law submitted in the motions and demurrers. 5. Because his honor .erred in decreeing that the only question is, how much the negro plaintiff has been damaged. 6. Because his honor erred in decreeing that Margaret Schmidt was liable to $200 damages and costs, after finding as matter of fact that it was by the conduct of Frederick Schmidt that the damage was caused, he being no party to the action. 7. Because his honor erred in decreeing as matter of law that the agency of Frederick was legally established by his being so regarded by the community. 8. Because his honor erred in judicially fixing the lowest price of a bale of cotton to be forty .dollars, and basing the amount of damages on such estimate, when no evidence had been introduced to prove the lowest value of a bale of cotton to be forty dollars even. 9. Because his honor erred in finding that the plaintiff would have made five bales of cotton on five acres of land, if he had planted them, when, as matter of fact, he only made three bales of cotton on twenty-five acres which he did plant, the land all being about equal. 10. Because the judgment is erroneous, over forty dollars costs having been taxed up without notice to the defendant."

The case was submitted upon the pleadings, testimony, and exceptions, without argument, either oral or printed, and without reference to any authority; counsel should not be surprised, therefore, if the court has failed to see the pertinency and force of many of the exceptions. In addition to this, notwithstanding the case was one at law, and consequently as we have often said

in such cases, could involve on appeal only questions of law, yet several questions of fact are raised in the exceptions. These questions cannot be considered, as the authority of this court under the constitution in cases at law extends only to errors at law, made through omission or commission, and properly brought before us.

We see no error of law in the Circuit judge failing to rule on the motion and demurrer interposed by the defendant to the reply of plaintiff. It is true the reply was not put in under the provisions of the code, there being no statement that a reply was ordered by the court on account of new matter in the answer constituting a defence by way of avoidance. Nor was there a counter-claim set up in the answer requiring a reply. *Code*, §§ 174, 175. The reply therefore was wholly unnecessary and perhaps improper, but we do not see that it should have been formally stricken out. In fact, the motion to strike out certain portions of it was not made on the ground of improper pleading, but upon other grounds. This motion, as well as the reply, as far as we can ascertain from the meagre statement in the case submitted, seems to have been ignored by the Circuit judge, and the case was tried by him on its merits, independent of the reply. Besides, the reply amounted to nothing but a denial in substance that the defendant had furnished the plaintiff $150 in money under the agricultural lien, as alleged in the answer, and which the plaintiff no doubt would have had the right to deny by testimony without the reply, in the issue raised by the complaint and the answer.

As to the demurrer based on the 5th paragraph of the reply, we have not discovered that there was a pending action between the same parties for the same cause, when the action below was commenced. There appear to be two actions going on between these parties, it is true, but they are not founded upon the same cause. In the first, the defendant here is the plaintiff endeavoring to enforce an agricultural lien for alleged advances, in which the plaintiff in this action has, under the special proceeding provided in the lien law for that purpose, raised the question of the amount due. *Gen. Stat.*, § 2398. In the other, the plaintiff here has instituted suit to recover damages for the breach of defendant's

contract to furnish the supplies agreed upon, on account of which he alleges that he failed to make the crop which he could have made if these supplies had been furnished.

Disregarding, then, the reply, and the motion and demurrer made thereupon, the only real question in the case was one of fact, i. e., "whether the plaintiff had been damaged." This question might have been submitted to a jury, had the parties demanded it, but it was tried by the judge, by consent, as we suppose, and being a case at law his finding of fact is beyond our review, as would have been the finding of the jury, had the jury tried the case, both as to the fact of damages and its amount, based upon the price of a bale of cotton, and the number of bales the plaintiff might have made on five acres of land, had he planted them, referred to in exceptions 8 and 9.

We do not see the pertinency of the exceptions 6 and 7, founded upon the remarks of the Circuit judge as to the agency of Frederick Schmidt, defendant's husband.

Exception 10 raises an objection as to the amount of costs taxed in the case. The Circuit judge made no ruling as to the amount of the costs. He simply adjudged damages to the plaintiff with costs. In this there was no error. If too much has been taxed, of which we have no means of knowing from anything that appears in the case, yet this could not have resulted from the rulings of the court.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.